IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MONICA A. JOHNSON,** | ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 09-CV-52-MJR |
| **MICHAEL J. ASTRUE, Commissioner of Social Security,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Monica Johnson filed this action seeking judicial review of the Commissioner's decision denying her September 2006, applications for disability insurance benefits and supplemental security income. An Administrative Law Judge (ALJ) denied Johnson's applications after finding that she was not disabled. That decision became final when the Appeals Council declined to review the ALJ's decision.

**I.   Judicial Review**

Judicial review of the Commissioner's final decision is authorized by **42 U.S.C. § 405(g)** and **42 U.S.C. §1383(c)(3)**. To receive disability benefits or supplemental security income, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing her previous work and any other kind of substantial gainful work which exists in the national economy. **42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A), 1382c(a)(3)(B), 1382c(a)(3)(D)**.

The Social Security regulations provide for a five-step sequential inquiry that must

be followed in determining whether a claimant is disabled.  **20 C.F.R. §§ 404.1520, 416.920**.  The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy.  *Clifford v. Apfel,* **227 F.3d 863, 868 (7th Cir. 2000)**.  If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job.  *Id*.

## II.     Legal Standard

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence.  **42 U.S.C. § 405(g)**.  The substantial evidence standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, **402 U.S. 389, 401 (1971)**.  Because the Commissioner of Social Security is responsible for weighing evidence, resolving conflicts in the evidence and making independent findings of fact, this Court may not decide the facts anew, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Lopez v. Barnhart*, **336 F.3d 535, 539 (7th Cir. 2003)**.  However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion.  *Sarchet v. Chater*, **78 F.3d 305, 309 (7th Cir. 1996)**.

## III.    Background

Johnson suffers from a long-term mental disorder diagnosed as a schizoaffective

disorder, bipolar type. She successfully applied for disability benefits in 1988. Following a decision that her mental impairment no longer kept her from working, those benefits were terminated in 2004. In September 2006, Johnson reapplied for disability benefits and supplemental security income.

In October 2005, Johnson was seen for outpatient care by her treating psychiatrist, Dr. Mirza Baig. Between November 2005 and August 2006, Dr. Baig followed Johnson's care and formed the impression that her mental condition was in remission, with no evidence of mood swings or psychosis. He consistently assigned a Global Assessment of Functioning score of 70 (R. 343-.347). The Global Assessment of Functioning Scale describes psychological, social, and occupational functioning on a hypothetical scale. A score of 70 reflects some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well. **American Psychiatric Association,** *Diagnostic and Statistical Manual of Mental Disorders* **34(rev. 4th ed. 2000)**.

In June 2006, Johnson's treatment team reviewed her status and recommended that she stay in the current level of care (R. 340). On October 17, 2006, Dr. Baig summarized Johnson's treatment and said that medication was necessary to maintain her mental stability and independent functioning in the community (R. 383). In November 2006, Johnson's condition was evaluated by Dr. Vincent, who opined that she was currently in the depressed phase of her illness, with paranoid trends to her thinking. He noted that her description of symptoms was somewhat inconsistent with Dr. Baig's records, which showed her condition to be in remission (R. 357-360). In December 2006, Dr. Tin completed a psychiatric review technique form, finding mild to moderate functional limitations and no episodes of decompensation (R. 361-379). In January 2007, Dr. Wharton reviewed and agreed with Dr. Tin's assessment (R. 380-382).

In February 2008, Johnson testified at a hearing. She has a high school education and can read and write. At the time of the hearing, she was working part time at a deli counter, where she did baking and cleaning but did not operate a cash register or take orders. She worked very early in the day, slept during the day and retired early. She had performed this job between 1998 and 2005, and had worked for a school district in the early 90's. More recently, between 2005 and 2007, Johnson worked part time at a Wal-Mart deli counter, cleaned part-time at a post office, and did housekeeping part-time at a bed and breakfast.

Johnson testified that her mental ailment causes her to hear voices of people from her past and see things that do not exist in reality. For many years, she managed her symptoms with Haldol Decanoate and Zyprexa. These medicines quiet the voices and help her sleep, but also make her feel extremely tired. Johnson explained that she quit working at the Wal-Mart deli in September 2006, for a variety of reasons, including that the work was overly stressful and that she had trouble meeting her schedule because of medication side effects. The symptoms of her illness worsened when her doctor temporarily changed her drug therapy. Also, she had earned quite a bit of money and did not want to lose her benefits. The day after she quit the Wal-Mart deli job, she convinced her doctor to prescribe her usual medications. Several weeks later, she went back to work at a gas station. The ALJ also heard testimony from Johnson's father and sister. Her sister and sister-in-law supplied written comments as well (R. 23-84, 234-241, 382 *ff.*).

The ALJ evaluated Johnson's application through Step 4 of the sequential evaluation. The ALJ decided that Johnson had a mental impairment in remission, which did not meet or equal a listed impairment. The ALJ further found that Johnson was able to perform a range of work limited to simple, repetitive unskilled tasks with short and simple instructions. She was not disabled because

she could perform her past jobs as deli worker and clerk (R. 14-21).

### IV.     Use of Special Technique

Plaintiff argues that the ALJ erred by failing to use a special technique mandated for evaluations of mental impairments and assessing credibility. She relies on **20 C.F.R. § 404.1520a** and ***Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008)**. The Commissioner argues that the ALJ performed the special technique.

Because Johnson alleged disability due to a mental impairment, the ALJ was obligated to employ a special technique when evaluating her claim. **20 C.F.R. 404.1520a(a)**. The special technique has two steps. First, the ALJ considers whether the claimant has a medically determinable mental impairment. **20 C.F.R. § 404.1520a(b)(1)**. If so, the ALJ proceeds to the second step and rates the degree of functional limitation resulting from the impairment. **20 C.F.R. § 404.1520a(b)(2)**. At this step, the ALJ considers four components: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. **20 C.F.R. § 404.1520a(c)(3)**. In the first three areas, the degree of limitation is assessed using a five-point scale: none, mild, moderate, marked and extreme. In the fourth area, the degree of limitation is assessed using a four-point scale: none, one or two, three, four or more. **20 C.F.R. § 404.1520a(c)(4)**. ALJs must incorporate their findings and conclusions in their decisions. **20 C.F.R. § 404.1520a(e)(2)**.

When the ALJ evaluated Johnson's case, he satisfied the first step of the special technique by consulting the medical evidence and deciding that Johnson had a schizoaffective disorder, bipolar type. He also satisfied the second step by evaluating limitations on Johnson's ability to perform particular functions. The ALJ rated the restrictions on Johnson's activities of daily living and social functioning as well as concentration, persistence, or pace as none or mild. The ALJ further rated her episodes of decompensation as none (R. 18). On this point, Johnson's reliance on the ***Craft***

decision is misplaced. In *Craft*, the ALJ assessed the severity of the claimant's dysthymia without rating the severity of the four functional areas of limitation. *Craft v. Astrue*, **539 F.3d at 677-78**.

**V.    Waiver**

The Commissioner argues that any additional arguments for relief have been waived. While Johnson makes reference in her brief to other aspects of the decision, those remarks are made in support of the "separate technique" argument addressed above. A careful review of plaintiff's brief reveals no additional arguments for relief.[1]

**VI.   Conclusion**

The Commissioner's final decision denying Monica S. Johnson's September 2006, applications for disability benefits and supplemental security income is **AFFIRMED**. The Clerk of Court shall enter judgment in favor of the Commissioner and against Monica S. Johnson. This case is closed.

**IT IS SO ORDERED.**

**DATED this 3rd day of March, 2010**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] Arguments for relief must be stated with particularity and supported by a discussion of applicable law. SDIL-LR 9.1; Doc. No. 15.